**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF BENCHMARK 2021-B29 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2021-B29, AND THE RR INTEREST OWNERS,** *Plaintiff,* | : : : : : : : : : : | **CIVIL ACTION** |
| **v.** | : : | |
| **PA RIDGE ASSOCIATES,** *Defendant.* | : : | **No. 25-cv-01725** |

**MEMORANDUM**

**KENNEY, J.**                                                                      **March 31, 2026**

Plaintiff Wells Fargo Bank, National Association, as Trustee for the benefit of the registered holders of Benchmark 2021-B29 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2021-B29, and the RR Interest Owners ("Plaintiff" or "Wells Fargo" or "Lender") moves for partial summary judgment against Defendant PA Ridge Associates ("Defendant" or "PA Ridge Associates" or "Borrower") as to liability in a commercial mortgage foreclosure action. ECF No. 26 (the "Motion"). Defendant opposes the Motion. ECF No. 29. For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment (ECF No. 26) will be **GRANTED**.

## I.     BACKGROUND

### A. Factual Background

On or about August 18, 2021, Goldman Sachs Bank USA ("Goldman Sachs") issued to Defendant PA Ridge Associates a commercial mortgage loan in the principal amount of

$29,000,000 (the "Loan"), as evidenced by a promissory note dated August 18, 2021, executed by PA Ridge Associates in favor of Goldman Sachs in the principal amount of $29,000,000 (the "Promissory Note"). ECF No. 26-3 ¶¶ 1–2; ECF No. 26-6. The Loan is secured by an Open-End Mortgage, Assignment of Rents and Leases, Collateral Assignment of Property Agreements, Security Agreement and Fixture Filing (the "Mortgage"), effective as of August 18, 2021. ECF No. 26-3 ¶ 4; ECF No 26-7. The Mortgage was recorded in Philadelphia, Pennsylvania with the Philadelphia Records Department on December 15, 2021. ECF No. 26-7 at 2. The mortgaged property comprises the real property located at 525 North 11th Street, Philadelphia, Pennsylvania 19123 (the "Property"). ECF No. 26-3 ¶ 6; ECF No. 26-7 at 26. In connection with the execution of the Loan and the Mortgage, Goldman Sachs and PA Ridge Associates also entered into a loan agreement dated as of August 18, 2021 (the "Loan Agreement") that lays out the terms and conditions for the repayment of the Loan. ECF No. 26-3 ¶ 7; ECF No. 26-8. The Promissory Note, the Mortgage, and the Loan Agreement were assigned to Wells Fargo by Goldman Sachs Mortgage Company, the first assignee of Goldman Sachs, effective as of September 30, 2021. ECF No. 26-3 ¶¶ 9–10; ECF No. 1 ¶¶ 9–16; ECF Nos. 1-9, 1-10, 1-11.

### 1. The Wei Bankruptcy Default

Pursuant to the Loan Agreement, John Wei was designated the "Sponsor" for the Loan. ECF No. 26-3 ¶ 11; ECF No. 26-8 at 34. On December 4, 2023, as a result of unrelated litigation, Mr. Wei voluntarily filed for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 23-13678-mdc (the "Wei Bankruptcy"). ECF No. 26-3 ¶ 12; ECF No. 26-9; ECF No. 29-2 at 5.

As a result of the Wei Bankruptcy, PA Ridge Associates was in default of the Loan Agreement, which states that it shall constitute an "Event of Default" if "any Required SPE or

Sponsor shall commence a voluntary case concerning itself under any Title of the United States Code concerning bankruptcy or insolvency." ECF No. 26-8 at 86–87. On May 30, 2024, Wells Fargo provided a "Notice of Default" to Defendant regarding the Wei Bankruptcy, informing Defendant that it is in default under the terms of the Loan Agreement. ECF No. 26-3 ¶ 14; ECF No. 26-10. On March 21, 2025, the Wei Bankruptcy was voluntarily dismissed. ECF No. 26-3 ¶ 16; ECF No. 29-3 ¶ 3.

### 2.  The Sequestration Default

On June 5, 2024, the U.S. District Court for the Eastern District of Pennsylvania appointed a "Sequestrator" for PA Ridge Associates and the Property (the "Sequestration Order") in the action captioned *Shin Da Enterprises Inc. v. Wei*, Civil Action No. 21-cv-03384 (the "*Shin Da* Litigation"). ECF No. 26-3 ¶ 17; ECF No. 26-11; ECF No. 29-2 at 5. The court's Order authorized the Sequestrator "to exercise all rights and powers of" Defendant and several affiliates "as owners, landlords, and otherwise, including but not limited to collecting rents, income, or other receivables owed to" Defendant in order to satisfy the judgment against Defendant in the underlying action. ECF No. 26-11 ¶¶ 2, 5–6.

The appointment of the Sequestrator for PA Ridge Associates was another Event of Default under the Loan Agreement, which provides that it shall constitute an Event of Default if "any Required SPE or Sponsor suffers appointment of any custodian or the like for it or for any substantial portion of its property and such appointment continues unchanged or unstayed for a period of 60 days after commencement of such appointment." ECF No. 26-8 at 87. The Loan Agreement defines "Required SPE" to include PA Ridge Associates. *Id.* at 31. On October 24, 2024, well over 60 days after a sequestrator was appointed for PA Ridge Associates, Wells Fargo provided a "Notice of Default" to Defendant regarding the sequestration, informing Defendant of

this additional event of default and the accrual of default interest, and demanding that the Property be removed from the scope of the Sequestration Order. ECF No. 26-3 ¶ 19; ECF No. 26-12 at 3. The October 2024 Notice of Default further warned Defendant that:

> IN THE EVENT THAT THE DEFAULT NOTICED IN THE PRIOR NOTICE OF DEFAULT IS NOT CURED, THE PROPERTY IS NOT REMOVED FROM THE SCOPE OF THE SEQUESTRATION ORDER AND THE DELINQUENT DEFAULT INTEREST IS NOT PAID IN FULL WITHIN 10 DAYS OF THE DATE OF THIS NOTICE, AT THE OPTION OF LENDER, THE INDEBTEDNESS MAY BE ACCELERATED AND DECLARED TO BE IMMEDIATELY DUE AND PAYABLE AND DEMAND MADE FOR THE IMMEDIATE AND FULL PAYMENT OF SAME[.]

ECF No. 26-12 at 3. On May 27, 2025, the *Shin Da* Litigation was resolved and the court approved a stipulation to terminate the Sequestration Order. ECF No. 26-3 ¶ 21; ECF No. 26-13.

### 3.  The Payment Default

The Loan Agreement states that "[o]n each Payment Date," which is defined as the sixth day of each calendar month, "Borrower shall pay to Lender a constant monthly payment of $131,196.18." ECF No. 26-8 at 25, 39. For the months of February 2025 and March 2025, Defendant failed to make the required monthly payments due to Wells Fargo on the respective due dates, triggering late charges. ECF No. 26-4 ¶ 2; ECF No. 29-1 ¶ 2; ECF No. 29-2 at 5.

The Loan Agreement states that it shall constitute an Event of Default "[i]f Borrower defaults in the payment when due of any principal or interest owing hereunder." ECF No. 26-8 at 87. The Loan Agreement also provides that, "in the case of all amounts not paid when due hereunder, Borrower shall pay to Lender a late fee in an amount equal to the lesser of five percent of such unpaid sum and the maximum amount permitted by applicable law." *Id.* at 40. Defendant remitted the February 2025 and March 2025 payments within 30 days of each due date. ECF No. 29-3 ¶ 5.

### 4. Wells Fargo's Acceleration of the Loan

The Mortgage provides that, "[i]f an Event of Default is continuing," Wells Fargo may "[d]eclare the Indebtedness to be immediately due and payable." ECF No. 26-7 at 8. On March 7, 2025, Wells Fargo provided a "Notice of Continuing Default and Acceleration" by letter to Defendant (the "Notice of Acceleration"). ECF No. 26-4 ¶ 3; ECF No. 26-15. As of March 7, 2025—the date of the Notice of Acceleration—there existed three Events of Default under the terms of the Loan Agreement: the Wei Bankruptcy, the Sequestration Order, and Defendant's failure to make timely payments for February 2025 and March 2025. *See* ECF No. 26-1 at 5; ECF No. 26-15 at 2–3.

The Notice of Acceleration stated that Defendant had failed to cure the Events of Default identified in the two prior Notices of Default, dated May 30, 2024 and October 24, 2024 (i.e., the Wei Bankruptcy and the appointment of a sequestrator), by the date specified in the October 2024 Notice of Default. ECF No. 26-15 at 2–3. Plaintiff also noted in the Notice of Acceleration that an additional Event of Default had occurred due to Defendant's failure to make the monthly payments due by each due date for February and March 2025. *Id.* at 3. As a result of the existing and continuing Events of Default, the Notice of Acceleration informed Defendant that Wells Fargo was accelerating the repayment of the Loan:

> PLEASE BE ADVISED THAT, AS A RESULT OF THE OCCURRENCE AND CONTINUANCE OF THE AFOREMENTIONED EVENTS OF DEFAULT, (A) THE INDEBTEDNESS SECURED BY THE MORTGAGE IS HEREBY ACCELERATED AND DECLARED TO BE IMMEDIATELY DUE AND PAYABLE, (B) DEMAND IS HEREBY MADE OF BORROWER FOR THE IMMEDIATE AND FULL PAYMENT OF THE INDEBTEDNESS, AND (C) INTEREST WILL CONTINUE TO ACCRUE AT THE DEFAULT RATE UNTIL THE DEBT IS PAID IN FULL.

*Id.* Regarding payments made by Defendant post-acceleration, the Notice of Acceleration provided that "in the event Borrower makes any subsequent payment of any amount less than the entire

5

Indebtedness ('Partial Payment'), Lender will apply such Partial Payment to the Indebtedness as a partial payment." *Id.* The Notice of Acceleration clarified that "[n]o such Partial Payment or the acceptance thereof by Lender shall constitute or be deemed or construed as a waiver of any default under the Loan Documents." *Id.* Plaintiff also reminded Defendant that "any Partial Payment or the acceptance of any Partial Payment of Lender shall not constitute or be deemed or construed as a cure of any existing default under the Loan Documents." *Id.*

Since receiving the Notice of Acceleration from Wells Fargo, Defendant has not repaid the entirety of the Loan but made nine Partial Payments to Wells Fargo in the sum of $156,088.82 each, between March 10 and October 8, 2025. ECF No. 26-4 ¶¶ 7–8; ECF No. 26-14. This was the sum of the pre-default monthly payments due on the Loan. ECF No. 26-4 ¶ 8. Plaintiff received and held each Partial Payment as an "Unapplied Payment," thereafter applying the funds to certain monthly payments as well as to disbursements for a tax payment and payment of an insurance premium, both in 2025. *Id.* ¶ 9.

### B.  Procedural History

On April 3, 2025, Plaintiff initiated this mortgage foreclosure action by filing a Complaint against PA Ridge Associates. ECF No. 1. On May 1, 2025, PA Ridge Associates filed an Answer with affirmative defenses. ECF No. 9. On October 31, 2025, Plaintiff filed the instant Motion for Partial Summary Judgment as to liability in the matter, alleging there are no genuine issues of material fact as to whether Defendant defaulted on its obligations under the Loan Agreement. ECF No. 26. On January 5, 2026, Defendant filed an opposition to the Motion. ECF No. 29. Accordingly, the Motion is ripe for adjudication.

## II.   LEGAL STANDARD

On a motion for summary judgment, the movant must show "that there is no genuine dispute as to any material fact," and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," there exists a genuine issue of material fact. *Id.* It is the responsibility of the moving party to inform the district court of the evidence that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court's role is "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party opposing summary judgment must establish more than the "mere existence of a scintilla of evidence" to defeat summary judgment. *Id.* at 252. The non-movant cannot rely on unsupported allegations but must provide some evidence that would show that there is a genuine issue for trial. *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). The most important question for a court to consider is whether "a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson*, 477 U.S. at 252. If the entire record "could not lead a rational trier of fact to find for the non-moving party," the court should grant summary judgment, as "there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations and citation omitted).

In a foreclosure action, "[a] court may grant summary judgment to a mortgagee-plaintiff . . . if there is no issue of material fact as to whether (1) the mortgage is in default; (2) defendant has failed to pay interest on the mortgage; and (3) the recorded mortgage is in the amount specified by plaintiff mortgagee." *U.S. Bank Nat'l Ass'n v. Lighthouse Whitehall Commons, LLC*, No. 11-

cv-05054, 2012 WL 4473232, at *4 (E.D. Pa. Sept. 28, 2012) (citing *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 340 (Pa. 1971)). Furthermore, "[u]pon default, the holder of a mortgage can legally proceed to enforce the terms of the mortgage either by foreclosure proceedings or by obtaining judgment on the bond accompanying the mortgage and issuing a writ of execution." *U.S. Bank Nat'l Ass'n v. JGKM Assocs. LLC*, No. 12-cv-4550, 2015 WL 1474448, at *3 (E.D. Pa. Mar. 31, 2015) (quoting *Cunningham v. McWilliams*, 714 A.2d 1054, 1056–57 (Pa. Super. Ct. 1998)).

Pennsylvania law states that "[i]n a commercial mortgage, an acceleration clause is generally honored; and, once there has been a default and an acceleration, the mortgagee need not accept any less than the full accelerated amount." *Bell Fed. Sav. & Loan Ass'n of Bellevue v. Laura Lanes, Inc.*, 435 A.2d 1285, 1287 (Pa. Super. Ct. 1981). With regards to contract interpretation, Pennsylvania law interprets written contracts strictly based on the intent of the parties. *See Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982) ("It is well established that the intent of the parties to a written contract is to be regarded as being embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement."). Therefore, "[w]hen a written contract is clear and unequivocal, its meaning must be determined by its contents alone." *E. Crossroads Ctr., Inc. v. Mellon-Stuart Co.*, 205 A.2d 865, 866 (Pa. 1965).

### III.    <u>DISCUSSION</u>

Neither Plaintiff nor Defendant disputes that the standard for summary judgment in a foreclosure action is as stated in *U.S. Bank National Association v. Lighthouse Whitehall Commons, LLC*: "A court may grant summary judgment to a mortgagee-plaintiff in a foreclosure action if there is no issue of material fact as to whether (1) the mortgage is in default; (2) defendant has failed to pay interest on the mortgage; and (3) the recorded mortgage is in the amount specified

by plaintiff mortgagee." 2012 WL 4473232, at *4; *see* ECF No. 26-1 at 8; ECF No. 29-2 at 7. Defendant also does not dispute that the two non-monetary Events of Default identified in Wells Fargo's two Notices of Default—the Wei Bankruptcy and the Sequestration Order—had occurred and were continuing as of March 7, 2025, the date on which Wells Fargo sent Defendant the Notice of Acceleration. ECF No. 29-2 at 5, 7. Defendant further admits that it failed to make its February 2025 and March 2025 monthly payments by the due date specified in the Loan Agreement. *Id.*

However, Defendant argues that it has cured all Events of Default complained about by Plaintiff: (1) the Wei Bankruptcy was dismissed only two weeks after the date of the Notice of Acceleration; (2) the Sequestration Order was terminated in May of 2025, two months after the date of the Notice of Acceleration; and (3) the February and March 2025 monthly payments were fully paid within 30 days of each due date, though Defendant admits it has not paid any alleged late charges. *Id.* Alleging that it has cured all Events of Default following receipt of the Notice of Acceleration, Defendant contends that Plaintiff is not entitled to summary judgment because the Mortgage is not presently in default since Defendant has cured all defaults post-acceleration, which it claims it was entitled to do. *Id.* at 7–8. Thus, the sole issue before the Court on the instant Motion is whether Defendant is entitled to cure non-monetary defaults post-acceleration such that Plaintiff may not move forward with its foreclosure action.

Under Pennsylvania law,[1] acceleration clauses in commercial mortgages are generally honored. *Bell Fed. Sav. & Loan Ass'n*, 435 A.2d at 1287; *see also Ministers & Missionaries Benefit Bd. of Am. Baptist Churches v. Goldsworthy*, 385 A.2d 358, 362 (Pa. Super. Ct. 1978) ("[A]

---

[1] The Parties appear to affirm in their briefing that Pennsylvania law governs this action. *See* ECF No. 26-1 at 9–11; ECF No. 29-2 at 7–8. The Mortgage contains a choice of law provision stating that the laws of the state in which the land is located is the governing law of the agreement. ECF No. 26-7 at 20. The Property that Plaintiff is seeking to foreclose in this action is located in Pennsylvania. ECF No. 26-3 ¶ 6.

provision in a mortgage agreement according the mortgagee the option to accelerate the maturity of the mortgage debt, under certain conditions or upon the happening of specified events, is regarded as a legitimate contractual stipulation."). To argue that defaults cannot be cured after the acceleration clause has been invoked, Plaintiff cites the case, *Bell Federal Savings & Loan Association*, in its brief in support of the Motion. 435 A.2d at 1287; ECF No. 26-1 at 10. Defendant takes issue with *Bell Federal Savings & Loan Association* because the case involves a different procedural posture and does not discuss whether non-monetary defaults can be cured. ECF No. 29-2 at 7–8. However, the procedural and factual differences between *Bell Federal Savings & Loan Association* and the instant action have no impact on the proposition stated by the court in *Bell Federal Savings & Loan Association* that acceleration clauses are generally honored under Pennsylvania law, even citing another Pennsylvania case in support of the general rule: *Ministers & Missionaries Benefit Board*, 385 A.2d at 362. *See* 435 A.2d at 1287. Thus, Defendant's contention that *Bell Federal Savings & Loan Association* is inapposite is unavailing.

The acceleration provisions in the Mortgage and Loan Agreement do not contemplate the possibility of a unilateral cure by Defendant once an Event of Default has occurred and Wells Fargo has accelerated repayment of the Loan. The Mortgage states that "[i]f an Event of Default is continuing," Lender may "[d]eclare the Indebtedness to be immediately due and payable." ECF No. 26-7 at 8. After an Event of Default has happened, the Mortgage provides that PA Ridge Associates shall be allowed ten days' notice by Wells Fargo to cure the default before Wells Fargo may pursue all rights and remedies specified in the Mortgage:

> UPON THE OCCURRENCE AND DURING THE CONTINUANCE OF AN EVENT OF DEFAULT, AND AFTER LENDER PROVIDES AN ADDITIONAL TEN (10) DAYS' ADVANCE WRITTEN NOTICE TO BORROWER, NOTING THE FOLLOWING "YOU ARE IN DEFAULT OF THIS SECURITY INSTRUMENT, THE PROMISSORY NOTE, THE LOAN AGREEMENT AND/OR ANY OF THE OTHER LOAN DOCUMENTS, UNLESS SUCH

10

DEFAULT IS CURED WITHIN TEN (10) DAYS AFTER THE DATE OF THIS NOTICE, LENDER SHALL HAVE THE RIGHTS SET FORTH HEREIN."

*Id.* at 28. Nowhere in the Mortgage does it indicate that the Borrower is entitled to cure an Event of Default after the Lender has elected the remedy of acceleration. *See generally id.* Likewise, the Loan Agreement also provides that "[d]uring the continuance of an Event of Default," Wells Fargo may "declare by written notice to Borrower all or any portion of the Indebtedness to be immediately due and payable, whereupon all or such portion of the Indebtedness shall so become due and payable." ECF No. 26-8 at 89. Nowhere in the "Defaults" or "Remedies" sections of the Loan Agreement, or anywhere else in the agreement for that matter, does it state that the Borrower may cure an Event of Default after acceleration of the Loan has been invoked. *See generally id.* In fact, the "Rules of Construction" provision of the Loan Agreement explicitly advises that:

> [T]he use of the phrases "an Event of Default exists", "during the continuance of an Event of Default" or similar phrases in the Loan Documents shall not be deemed to grant Borrower any right to cure an Event of Default, and each Event of Default shall continue unless and until the same is waived by Lender in writing in accordance with the requirements of the Loan Documents.

*Id.* at 38. Neither the Mortgage nor the Loan Agreement distinguishes between monetary and non-monetary Events of Default. *See* ECF Nos. 26-7, 26-8. Thus, according to the terms of the Mortgage and the Loan Agreement, PA Ridge Associates does not have any right to unilaterally cure an Event of Default post-acceleration—only Wells Fargo may waive the continuance of an Event of Default at its discretion.

Here, there were three Events of Default that had occurred and were continuing as of the date of the Notice of Acceleration: the Wei Bankruptcy, the Sequestration Order, and Defendant's failure to make timely monthly payments for February 2025 and March 2025. ECF No. 26-1 at 5. While Defendant denies that any Events of Default presently exist on account of them all having been cured, ECF No. 29-2 at 8, Defendant had no right to cure the Events of Default after receiving

11

the Notice of Acceleration, which invoked the Mortgage's acceleration clause, *see* ECF No. 26-15 at 3. Upon acceleration of the Loan, Wells Fargo "need not accept any less than the full accelerated amount." *Bell Fed. Sav. & Loan Ass'n*, 435 A.2d at 1287. Because Wells Fargo has not waived the continuance of any of the Events of Default in this action, Defendant's alleged cures of each Event of Default had no effect on the Notice of Acceleration. As such, there is no genuine dispute of material fact as to whether Defendant defaulted on the Mortgage and under the Loan Agreement. Accordingly, Plaintiff is entitled to summary judgment and may move forward with its foreclosure action.

IV.    **CONCLUSION**

For the foregoing reasons, this Court will **GRANT** Plaintiff's Motion for Partial Summary Judgment as to Defendant's liability in this action (ECF No. 26). An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

12